UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | March 14, 2011 |
|---|---|---|---|
| Title | GEORGE ENGMAN & ANDREA BAXTER v. CITY OF ONTARIO; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Peter Schlueter | Blakney Boggs<br>Steven Sherman | |

**Proceedings:** **PLAINTIFFS' MOTION TO CONTINUE TRIAL AND REOPEN DISCOVERY AND FOR MORE DEPOSITIONS**
(filed 02/14/11)

## I. INTRODUCTION

On February 25, 2010, plaintiffs George Engman and Andrea Baxter filed the instant action against City of Ontario, a municipality; City of Ontario Police Department; John Hart; Davey Reed; Troy Scutella; Jeffrey Zeen; and Does 1 through 10 (collectively, "defendants") for a violation of 42 U.S.C. § 1983. The complaint alleges that police officers Hart, Reed, Scutella, and Zeen violated plaintiffs' Fourth Amendment rights when they used excessive force against plaintiffs, arrested plaintiffs without probable cause, filed false police reports, and retaliated against plaintiffs for exercising their First Amendment rights. See Complaint ¶¶ 18–28. Plaintiffs further assert a claim for municipal liability against the City of Ontario and the City of Ontario Police Department based on their failure to supervise, train, oversee, investigate, reprimand, and otherwise discipline the officers. Id. ¶¶ 29–33.

On June 28, 2010, the Court entered a pretrial scheduling order, pursuant to Rule 16 of the Federal Rules of Civil Procedure, and set the deadline to complete factual discovery for March 1, 2011, and trial for July 19, 2011.

On February 14, 2011, plaintiffs filed the instant motion to continue trial, reopen discovery, and for more depositions. On February 21, 2011, defendants filed an opposition to the motion. Plaintiffs replied on February 28, 2011. After carefully

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | March 14, 2011 |
|---|---|---|---|
| Title | GEORGE ENGMAN & ANDREA BAXTER v. CITY OF ONTARIO; ET AL. | | |

considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Rule 16(b) of the Federal Rules of Civil Procedure provides that a scheduling order shall be modified "only for good cause." Fed. R. Civ. P. 16(b)(4).

> Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (internal quotations and citations omitted). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

## III. DISCUSSION

Plaintiffs move to extend the discovery deadline, continue the trial date, and for six additional depositions. Mot. at 1, 9. Plaintiffs argue that such relief is necessary because: (1) defendants did not provide the Rule 26(f) disclosures until December 2010; (2) certain crucial documents are unaccounted for, undisclosed, or missing; (3) a Rule 30(b)(6) designated-expert failed to appear for deposition and another designee was ill prepared; and (4) defendants only recently disclosed electronically stored information in compliance with Rule 26(f)(3)(C). Id. at 3–9. Plaintiffs contend that defendants' actions in discovery demonstrate a "pattern and practice of delay and evasion," and therefore good cause exists to grant the motion. Id. at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | March 14, 2011 |
|---|---|---|---|
| Title | GEORGE ENGMAN & ANDREA BAXTER v. CITY OF ONTARIO; ET AL. | | |

     Defendants oppose any modification to the scheduling order. See generally Opp'n. Defendants assert that plaintiffs are represented by the same counsel that represented them in their criminal trial in 2008, and that the Rule 26(f) disclosure did not list any individual unfamiliar to plaintiffs. Id. at 3. Defendants further contend that there are no missing reports or documents, and plaintiffs' motion is a thinly veiled attempt to conduct a fishing expedition in the City of Ontario's records management system. Id. at 4–6. With respect to the Rule 30(b)(6) designated experts, defendants assert that plaintiffs conducted one deposition of a person most knowledgeable on January 27, 2011, but the other scheduled deposition was rescheduled because the deponent experienced a death in the family. Id. at 6–7.[1] As to the electronically stored information, defendants argue that the Magistrate Judge ordered the parties to file any motion to compel electronically stored information before January 31, 2011, and plaintiffs chose not to file such a motion. Id. at 9. Finally, defendants argue that plaintiffs have already conducted fifteen depositions, and that there is no reason for additional depositions. Id. at 10.

     At oral argument, the Court inquired into why plaintiffs did not file a motion to compel the allegedly missing documents with the Magistrate Judge. Plaintiffs' counsel responded that defendants' counsel asked him to forebear filing a motion to compel until after the completion of the Rule 30(b)(6) deposition that had to be rescheduled due to a death in the family of the deponent. Plaintiffs' counsel argued that because the deposition did not occur until February 16, 2011, there was insufficient time to file a motion to compel. Accordingly, the Court will extend the discovery deadline for the sole purpose of allowing plaintiffs to file a motion to compel a qualified Rule 30(b)(6) designee to testify on the issue of the two allegedly missing supplemental police reports. The discovery deadline will be extended for no other purpose, and the Court will not continue trial.

///
///
///
///
///
///

---

    [1] It appears that the rescheduled deposition occurred on February 16, 2011. See Opp'n at 7 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | March 14, 2011 |
|---|---|---|---|
| Title | GEORGE ENGMAN & ANDREA BAXTER v. CITY OF ONTARIO; ET AL. | | |

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS in part and DENIES in part plaintiffs' motion to continue trial, reopen discovery, and for more depositions.

IT IS SO ORDERED.

|  |  | 00 | : | 14 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |