| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

Present: The Honorable     CHRISTINA A. SNYDER

| CATHERINE JEANG | LAURA ELIAS | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Peter Schlueter
Jon Schlueter
John Mallah

Attorneys Present for Defendants:

Steven Sherman
Blakney Boggs

**Proceedings:**     **DEFENDANTS' MOTIONS IN LIMINE** (filed 05/23/11)

**PLAINTIFFS' MOTIONS IN LIMINE** (filed 05/23/11)

## I.     INTRODUCTION

On February 25, 2010, plaintiffs George Engman and Andrea Braxter filed the instant action against the City of Ontario, a municipality; the City of Ontario Police Department; John Hart; Davey Reed; Troy Scutella; Jeffrey Zeen; and Does 1 through 10 (collectively, "defendants") for a violation of 42 U.S.C. § 1983. The complaint alleges five claims for relief for: (1) excessive force, (2) arrest without probable cause, (3) false police reports, (4) retaliation for exercise of First Amendment rights, and (5) municipal liability.

On May 23, 2011, the Court entered an order granting in part and denying in part defendants' motion for summary judgment. See Dkt. 94. Specifically, the Court granted summary judgment in favor of defendants on plaintiffs' first claim for relief for excessive force as to plaintiff Braxter only. The Court further granted summary judgment in favor of defendants on plaintiffs' fifth claim for relief against the City of Ontario and City of Ontario Police Department for municipal liability. The Court denied defendants' motion for summary judgment on plaintiffs' remaining claims.

On May 23, 2011, the parties filed the instant motions in limine. The parties filed oppositions to the motions in limine on May 30, 2011. Plaintiffs filed replies on June 6,

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|----------|------------------------|------|---------------|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.  DEFENDANTS' MOTIONS IN LIMINE

### A.  Evidence Regarding Other Civil Litigation

Defendants move to exclude any evidence pertaining to prior or subsequent civil lawsuits involving any City of Ontario police officer who may testify at trial. Mot. at 3. Defendants argue that such evidence is irrelevant, and that any probative value of the evidence is outweighed by the danger of undue prejudice to defendants. Id. at 3–4 (citing Fed. R. Evid. 402 and 403). In addition, defendants argue that evidence of other civil suits involving the officers would be inadmissible character evidence. Id. at 5 (citing Fed. R. Evid. 404). Plaintiffs respond that defendants' motion is premature and overbroad, and that the Court should refrain from ruling on the issue until the contours of trial are further developed. Opp'n at 1–2.

Given that plaintiffs have not indicated that they intend to introduce into evidence any prior or subsequent civil lawsuits involving the City's police officers, the Court concludes that it is premature to address the instant motion in limine. See Colton Crane Co. v. Terex Cranes Wilmington, Inc., No. CV 08-8525 PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) ("motions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial."). Accordingly, the Court DENIES defendants' motion in limine number 1 without prejudice to its being renewed at such time as plaintiffs seek to introduce evidence of similar prior civil litigation.

### B.  Evidence Regarding Other Incidents (Including But Not Limited to Citizen Complaints) and Investigations Involving the City's Police Officers

Defendants move to exclude any evidence that defendants may have been involved in any prior or subsequent incidents involving the use of force in their capacity as City of Ontario police officers. Mot. at 2. Defendants contend that such evidence is impermissible character evidence. Id. (citing Gates v. River, 993 F.2d 697, 700 (9th Cir.

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|----------|------------------------|------|----------------|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

1993)).  Defendants further assert that such evidence is irrelevant, and that any probative value of the evidence is outweighed by the danger of undue prejudice to defendants.  Id. at 5–7 (citing Fed. R. Evid. 402 and 403).  For similar reasons, defendants also move to exclude evidence of any citizen complaints or internal investigations involving the officers.  Id. at 7–10.

Plaintiffs respond that defendants may make prior incidents of the officers' conduct relevant, and therefore it is premature to rule on the motion.  Opp'n at 1.  Plaintiffs further argue that because defendants do not specify any particular misconduct they seek to exclude, the motion is overbroad.  Id. at 2.

The Court generally agrees with defendants that evidence of prior incidents involving the defendant officers is not admissible for the purpose of proving liability against the officers.  See Martin A. Schwartz, Section 1983 Litigation: Federal Evidence § 2.6[B] (4th ed. 2010 Supp.) ("if the only purpose for seeking to introduce [evidence of other instances in which the defendant officer employed excessive force or acted violently] is to show the defendant's character or propensity as a violent or quarrelsome individual, or that defendant has a penchant to use more force than is reasonably necessary, admission of the evidence would violate Rule 404(b)'s ban against other act evidence to show character.").  At this juncture, however, it is not entirely clear what evidence of other incidents or investigations plaintiffs will seek to introduce at trial.  Therefore, the Court determines that it would be premature to issue a blanket ruling on the instant motion.  If plaintiffs intend to introduce evidence of other incidents or investigations, plaintiffs shall provide advance notice to the Court out of the jury's presence.  Accordingly, the court DENIES defendants' motion in limine number 2 without prejudice to its being renewed at such time as plaintiffs seek to introduce evidence of similar prior or subsequent incidents involving the officers.

### C.    Testimony or the Use of Legal Terms

Defendants move to preclude plaintiffs from introducing or eliciting any testimony regarding the issue of "probable cause" or "reasonable suspicion."  Mot. at 1.  Defendants argue that such evidence is inadmissible because the issue of whether the officers had probable cause or reasonable suspicion is a question of law.  Id. at 3.  Plaintiffs respond that defendants' argument is erroneous, and whether the officers had probable cause to

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|----------|------------------------|------|---------------|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

arrest plaintiffs is a jury question. Opp'n at 1–2 (citing <u>Harper v. City of L.A.</u>, 533 F.3d 1010, 1022 n.10 (9th Cir. 2008) (holding that there was substantial evidence from which jury could have concluded that the officers' arrest lacked probable cause)).

Defendants' motion appears to be premised on the erroneous assumption that whether the officers had probable cause is a question of law for the Court. However, it is well-established that in a section 1983 case where the underlying facts are in dispute, whether the officers had probable cause to arrest plaintiffs is a question of fact reserved for the jury. <u>See, e.g.</u>, <u>Torres v. City of Los Angeles</u>, 548 F.3d 1197, 1208–10 (9th Cir. 2008) (holding in a section 1983 case that district court erred in concluding as a matter of law that detectives had probable cause to arrest plaintiff, where reasonable jury could have concluded that the detectives lacked probable cause). However, to the extent defendants' motion is aimed at preventing the parties from eliciting testimony regarding a legal conclusion on whether the officers had probable cause to arrest plaintiffs, the Court finds that such testimony is inadmissible. <u>See</u> <u>United States v. Crawford</u>, 239 F.3d 1086, 1090 (9th Cir. 2001) ("A lay witness may testify as to an ultimate issue of fact, so long as the testimony is otherwise admissible. Fed. R. Evid. 704. The lay witness may not, however, testify as to a legal conclusion, such as the correct interpretation of a contract."); <u>see also</u> <u>United States v. Baskes</u>, 649 F.2d 471, 479 (7th Cir. 1980) (witness's opinion testimony inadmissible when it concerns the legal implications of certain conduct). Accordingly, the Court GRANTS in part and DENIES in part defendants motion *in limine* number 3.

## D.     Evidence Regarding Statements to Others

Defendants move for an order precluding plaintiffs from introducing evidence or testifying that they made statements or gave accounts of the incident to friends and relatives. Mot. at 2. Defendants argue that such statements constitute inadmissible hearsay and must be excluded. <u>Id.</u> at 3 (citing Fed. R. Evid. 801). Plaintiffs respond that defendants' motion is vague and merely seeks to establish a general principle of law, without appropriate context. Opp'n at 1–2.

Because defendants have not identified any particular statement that they seek to preclude, the Court finds that it would be premature to address the instant motion *in limine*. <u>See</u> <u>Colton Crane Co.</u>, 2010 WL 2035800, at *1. Accordingly, the Court

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|----------|------------------------|------|---------------|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

DENIES defendants' motion *in limine* number 4 without prejudice to its being renewed at such time as plaintiffs seek to introduce evidence of a particular objectionable statement.

### E.      Evidence Regarding Contents of Personnel Files

Defendants move to exclude any evidence or testimony concerning the personnel files of the defendant officers.  Mot. at 2.  Defendants argue that any evidence contained in the officers' personnel files is impermissible character evidence.  Id. at 1–5 (citing Fed. R. Evid. 404(b)).  Defendants further assert that the evidence should be excluded because it is not relevant, and any probative value of such evidence is substantially outweighed by the probability that its admission will create a danger of unfair prejudice, confusion of the issues, and mislead the jury.  Id. at 5–7 (citing Fed. R. Evid. 402 and 403).  Plaintiffs respond that defendants' motion is vague and the Court should defer ruling on the issue until defendants object to the introduction of particular evidence.  Opp'n at 1–2.

The Court generally agrees with defendants that evidence or testimony concerning the officers' personnel files is not admissible for the purpose of proving their liability.  At this juncture, however, it is not entirely clear what evidence from the officers' personnel files plaintiffs will seek to introduce at trial.  Therefore, the Court determines that it would be premature to issue a blanket ruling on the instant motion.  Accordingly, the Court DENIES defendants' motion *in limine* number 5 without prejudice to its being renewed at such time as plaintiffs seek to introduce specific evidence from the officers' personnel files.

### F.      Evidence Regarding Vicarious Liability

Defendants move to exclude any evidence that, pursuant to the California Government Code, the City of Ontario is vicariously liable for the acts of the defendant officers.  Mot. at 3.  Defendants argue that advising the jury that there is a "deep pocket" may improperly influence their decision and prejudice defendants.  Id.  As such, defendants argue that the evidence of the City's vicarious liability is inadmissible under Rule 403 of the Federal Rules of Evidence.  Id.  Plaintiffs respond that if the jury finds defendants liable, and finds that punitive damages are appropriate, evidence of the City's vicarious liability is relevant.  Opp'n at 1–2.

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|----------|------------------------|------|---------------|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

Given that there are no state law claims, and the Court granted summary judgment in favor of the City on plaintiffs' <u>Monell</u> claim, the Court concludes that the fact that the City is vicariously liable for the acts of the defendant officers is not relevant to any issue. <u>See</u> Fed. R. Evid. 402. Accordingly, the Court GRANTS defendants' motion *in limine* number 6.

### G.    Evidence Regarding So-Called Anti-Police Slurs

Defendants move to exclude any evidence regarding the existence of a "sham investigation," "cover up," "code of silence," "wall of blue," or other similar terms. Mot. at 1. Defendants further seek to exclude the use of the term "testilying." <u>Id.</u> Defendants argue that such terms are unduly prejudicial to defendants, derogatory in nature and inadmissible under Rules 401, 403 and 404(b) of the Federal Rules of Evidence. <u>Id.</u> at 4–6.

Plaintiffs respond that the alleged "cover up" goes to the heart of their case because it is directly related to their claim that defendants filed false police reports. Opp'n at 1–2. As such, plaintiffs assert that the purported cover up is relevant to prove defendants' motive, and therefore admissible under Rule 404(b). <u>Id.</u> at 2–3. Plaintiffs further maintain that the terms defendants seek to exclude have all been used by courts, and are not so inflammatory that they threaten a fair trial. <u>Id.</u> at 4–7.

The Court finds that plaintiffs may argue that defendants engaged in a cover up in relation to their false police reports claim. However, plaintiffs may not elicit testimony regarding a "code of silence," "wall of blue" or "testilying," because such terms are unfairly prejudicial to defendants. <u>See</u> Fed. R. Evid. 403. Plaintiffs may argue that defendants' version of the facts is not credible, but the Court will not permit plaintiffs' witnesses to use pejorative terminology regarding police practices. Accordingly, the Court GRANTS in part and DENIES in part defendants motion *in limine* number 7.

### H.    Evidence Regarding the Source of Payment of an Award of Compensatory Damages

Defendants seek to exclude any evidence regarding the source of payment of an award of compensatory damages, <u>i.e.</u>, the City, on the grounds that it is irrelevant and

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

prejudicial to defendants. Id. at 3. The Court finds that evidence regarding the source of payment for an award of compensatory damages is inadmissible. See Larez v. Holcomb, 16 F.3d 1513, 1518–19 (9th Cir. 1994) (trial court erred in instructing jury that City would indemnify defendant officer for compensatory damages). Accordingly, the Court GRANTS defendants' motion *in limine* number 8.

## I. Evidence Regarding the Policies, Practices, Procedures, Guidelines, and Literature of Other Police Agencies and Organizations

Defendants move to exclude the introduction of evidence of any other policies, practices, procedures, guidelines, and literature of any other police agency or organization regarding the use of force, use of a taser, writing or generating police reports, checking equipment, and supervision. Mot. at 2. Defendants argue that such evidence is irrelevant and unfairly prejudicial. Id. at 4–5. Plaintiffs respond that they intend to elicit evidence that the defendant officers' conduct violated state-wide police standards, and that such evidence is admissible in a police misconduct case. Opp'n at 1–2 (citing Smith v. City of Hemet, 394 F.3d 689, 703 (9th Cir. 2005) (en banc)).

As discussed below, the Court finds that plaintiffs' experts may rely on other policies and standards (i.e., California's Peace Officer Standards and Training) in forming their opinions. See Fed. R. Evid. 703. Accordingly, the Court DENIES defendants' motion *in limine* number 9.

## J. Evidence That Plaintiffs Were Not Convicted

As a result of the incident at the Ontario Hills Mall on April 1, 2006, Engman was arrested for resisting arrest in violation of California Penal Code § 69. Braxter was arrested for public intoxication in violation of California Penal Code § 647(f). The District Attorney brought charges against Engman for trespass, offensive words and resisting arrest. The charges for resisting arrest and offensive words were dismissed, and the jury hung eleven to one in favor of acquittal on the trespass charge. Braxter's charge was dismissed prior to trial. Defendants seek to exclude any evidence or suggestion that plaintiffs were not convicted of the crimes for which they were chaged. Mot. at 1, 3. Defendants argue that evidence that plaintiffs were not convicted is irrelevant and unfairly prejudicial. Id. at 8. Defendants further maintain that the Ninth Circuit has

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|----------|------------------------|------|---------------|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

suggested in a similar context that evidence of an acquittal is not relevant in determining whether probable cause existed. Id. at 8–9 (citing Borunda v. Richmond, 885 F.2d 1384, 1389 (9th Cir. 1988) ("The fact that plaintiffs had been previously acquitted in the criminal case is far removed from establishing whether probable cause existed for their arrests.")).

Plaintiffs respond that evidence they were not convicted of the charged crimes is highly relevant to their claim that defendants fabricated police reports. Opp'n at 7. Plaintiffs argue that defendants had a motive to charge them criminally to avoid the instant section 1983 action. Id. at 7–8. Plaintiffs further argue that Borunda is distinguishable because plaintiffs do not propose to introduce evidence of the disposition of the criminal charges to establish that the officers did not have probable cause to arrest them. Id. at 8–9.

The Court concludes that the fact that plaintiffs were not convicted of any criminal charges arising from the incident is irrelevant to the majority of plaintiffs' claims. See Borunda, 885 F.2d at 1389. To the extent that the fact is relevant to plaintiffs' false police reports claim, the Court will instruct the jury that there was a criminal prosecution and that plaintiffs were not convicted. Accordingly, the Court DENIES defendants' motion in limine number 10.

## K. Plaintiffs' Taser Expert: Ernest Burwell

Plaintiffs have designated Ernest Burwell as an expert in tasers and police procedures to opine on whether the officers used excessive force against Engman. According to his expert report, Burwell was a Deputy Sheriff in the Los Angeles County Sheriffs Department for nearly thirty years. During this time period, Burwell taught both supervisory and lower ranking law enforcement personnel how to use the taser weapon and how to download data therefrom. Burwell holds a California Peace Officer Standards and Training ("POST") Advanced Certificate. In his expert report, Burwell offers fourteen different opinions, including, among others, whether the officers used excessive force, whether the officers should have deployed their tasers against Engman, and whether the taser download information is accurate.

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

Under Rule 702 of the Federal Rules of Evidence,

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

While the court has broad discretion in deciding whether this standard has been met, the court cannot shirk its gatekeeper duties. See General Elec. Co. v. Joiner, 522 U.S. 136, 142, 146 (1997); DSU Medical Corp. v. JMS Co., Ltd., 296 F. Supp. 2d 1140, 1146-48 (N.D. Cal. 2003). The determination of whether expert testimony is admissible "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-93 (1993). The trial court's gatekeeping role under Rule 702 applies "not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized knowledge.'" Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 149 (1999).

As an initial matter, defendants argue that Burwell is not qualified to render expert testimony regarding police procedures and the use of tasers. Mot. at 1. The question of whether an expert witness is sufficiently competent and qualified to testify is within the sound discretion of the Court. See United States v. Trice, 476 F.2d 89, 91 (9th Cir. 1973). The Court concludes that Burwell's long history of law enforcement experience and experience as a taser instructor qualifies him to testify as an expert on police practices and taser use. See Lee v. Metro. Gov't of Nashville & Davidson Cnty., 596 F. Supp. 2d 1101, 1120–21 (M.D. Tenn. 2009) (finding Burwell qualified to offer opinions on the use of tasers on similar grounds). Defendants' objections regarding Burwell's experience go to the weight of his testimony, and are not grounds for disqualification.

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

Defendants also attempt to pick apart each conclusion in Burwell's expert report, arguing that either Burwell is not qualified to render such an opinion or the opinion constitutes an impermissible legal conclusion. See Mot. at 4–9. Admittedly, Burwell's expert report is not the model of clarity. However, "[t]he relevant issue is not the precise wording of Burwell's expert report, but whether Burwell is qualified to opine as an expert in this case, based on his experience." Lee, 596 F. Supp. 2d at 1120. Generally, the Court finds that Burwell is qualified to opine as to whether the officers' use of force against Engman was excessive.[1] However, the Court finds that such testimony should be explored through hypothetical questioning so as to avoid invading the province of the jury. Furthermore, the Court finds that Burwell's opinion regarding the point at which taser applications become "torture" or "cruel" is not helpful to the jury. See Burwell Report (opinion 14). Moreover, because the Court granted summary judgment in favor of the City on plaintiffs' municipal liability claim, Burwell's seventh opinion regarding the mismanagement of the City's taser program is irrelevant. See Fed. R. Evid. 402. Accordingly, the Court GRANTS in part and DENIES in part defendants' motion *in limine* number 11.

**L.     Bifurcation of Issues for Trial**

Defendants seek to separate the trial into two phases: (1) defendants' liability for violating plaintiffs' constitutional rights and (2) compensatory and/or punitive damages.[2]

---

[1] There is no merit to defendants' argument that Burwell's expert report is deficient because it references POST publications and other policies, which may be inadmissible hearsay. See Mot. at 11–14. Burwell is entitled to rely on hearsay evidence to support his conclusions, so long as that evidence is "of a type reasonably relied upon by experts in the particular field." Fed. R. Evid. 703; see Baumholser v. Amax Coal Co., 630 F.2d 550, 553 (7th Cir. 1980) (testifying expert "was entitled to rely on hearsay evidence to support his opinion, so long as that evidence was of a type reasonably relied upon by other experts in the field.").

[2] Originally, defendants sought to trifurcate the trial, and include a separate phase for the issue of Monell liability. However, the Court granted summary judgment in favor of the City on plaintiffs' Monell claim.

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

Mot. at 3. Defendants argue that bifurcation of trial is necessary to prevent the waste of time and resources and to avoid prejudice to the individual officers. Id.

The Court finds that there are no grounds to separate the issue of compensatory damages from the liability phase of trial because the evidence regarding defendants' liability and damages appears to overlap substantially. See Martin A. Schwartz, Section 1983 Litigation: Federal Evidence § 13.02[B] (4th ed. 2010 Supp.) (bifurcation of liability and damages is inappropriate where "the evidence on liability and damages overlaps substantially."). However, if the jury finds that the officers acted with malice, the Court will bifurcate punitive damages from the liability and compensatory damages phase of trial. See Vasbinder v. Ambach, 926 F.2d 1333, 1344 (2d Cir. 1991) ("Punitive damages are to be tailored to the defendant's ability to pay, and normally that class of evidence is not admitted or desirable during the liability and compensatory damages phase of the case."). Accordingly, the Court GRANTS in part and DENIES in part defendants' motion *in limine* number 12.

## M. Plaintiffs' Police Policies and Procedures Expert: Roger Clark

Plaintiffs have designated Roger Clark as an expert in police procedures and tasers. In his expert report, Clark offers fifteen different opinions, including, among others, whether the officers used excessive force, the nature of the officers' reports regarding the incident, and the City's internal investigation into the incident. Defendants argue that Clark is not qualified to testify as an expert, and challenge many of Clark's specific conclusions as irrelevant or otherwise improper. See generally Mot.

The opinions rendered by Clark and those of Burwell regarding the officers' use of force and police reports appear to overlap substantially. Accordingly, the Court finds that allowing Burwell and Clark to both testify on these issues would be cumulative. See Fed. R. Evid. 403; see also Clark Expert Report at 5 ("I agree with the opinions of Mr. Ernest Burwell as expressed in his Rule 26 Report submitted in this case."). Furthermore, it appears that many of Clark's opinions, as currently formulated, are not helpful to the jury because they constitute impermissible legal conclusions or make credibility

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|----------|------------------------|------|---------------|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

determinations reserved for the trier of fact.[3]  See Fed. R. Evid. 702; see also Anderson v. Suiters, 499 F.3d 1228, 1273 (10th Cir. 2007) ("While expert witnesses may testify as to the ultimate matter at issue, Fed. R. Evid. 704(a), this refers to testimony on ultimate facts; testimony on ultimate questions of law, i.e., legal opinions or conclusions, is not favored.").  In addition, the Court has serious doubts that Clark's opinions relating to the conduct of Sergeant Shadley, who is not a party to this action, are either relevant or helpful to the jury.  See Clark Report at 6, (opinions 6 and 7); see also Fed. R. Evid. 402 and 702.  Finally, Clark's opinions regarding the City's internal affairs investigation into the incident are irrelevant because the Court granted summary judgment in favor of defendants on plaintiffs' municipal liability claim.  See Clark Report at 9–10 (opinions 11–15); see also Fed. R. Evid. 402.  At oral argument, plaintiffs' counsel indicated that they do not intend to call Clark as an expert witness at trial, and that Clark would only be called to testify if Burwell is unavailable.  Therefore, the Court withholds final judgment and DENIES defendants' motion in limine number 13 as moot.

### N. Evidence That Plaintiffs Were Unarmed, Did Not Resist Arrest, and Were "Voluntarily" Leaving the Mall

Defendants move to exclude evidence that plaintiffs were unarmed at the time of the incident, did not resist arrest, and were "voluntarily" leaving the mall.  Mot. at 2.  Defendants argue that such evidence is irrelevant because the jury must determine the reasonableness of the officers' actions based on the facts known to the officers when they acted.  Id. at 3–5 (citing Graham v. Connor, 490 U.S. 386, 396–97 (1989)).  Plaintiffs respond that whether evidence plaintiffs were unarmed is relevant depends upon the state of the evidence at trial.  Opp'n at 2 (citing Pelzer v. City of Philadelphia, No. 07-CV-

---

[3] For example, in opinion number 8, Clark provides a lengthy analysis of California Penal Code § 149 and opines that "[t]he unnecessary use of force . . . crossed the line to constitute violations of . . . California Penal Code Section 149."  See Clark Report at 7.  In opinion number 10, Clark states that the police reports submitted by the defendant officers "are deliberately false and a violation of law."  See id. at 8.  The Court concludes that these opinions are not likely to assist the trier of fact.  Fed. R. Evid. 702; see Martin A. Schwartz, Section 1983 Litigation: Federal Evidence § 6.07[B] (4th ed. 2010 Supp.) ("The federal courts consistently disfavor ultimate expert opinions when they are couched as legal conclusions.").

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|----------|------------------------|------|---------------|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

0038, 2011 U.S. Dist. LEXIS 2519, at *13–14 (E.D. Pa. Jan. 11, 2011)). Plaintiffs further argue that it would be inappropriate to preclude evidence that plaintiffs did not resist arrest and were leaving the mall because such evidence is directly relevant to their claims for excessive force and unlawful arrest. Id. at 3–4.

Defendants' motion appears to be a motion for summary judgment in disguise. Motions *in limine* are an inappropriate means to resolve factual or disputes or weigh evidence. Colton Crane Co., 2010 WL 2035800, at *1. The Court has already concluded that whether the defendant officers had probable cause to arrest plaintiffs or used excessive force against Engman are triable issues of fact. The Court declines to reconsider that ruling at this juncture, and there is no basis to preclude plaintiffs from presenting evidence at trial that is highly relevant to these claims. Accordingly, the Court DENIES defendants' motion *in limine* number 14.

## O.     Evidence of "Less Intrusive Means"

Defendants seek to preclude evidence that the officers should have responded to the incident in a different manner which was less likely to result in the use of force, or that defendants should have used a lesser degree of force. Mot. at 2. Defendants argue that this evidence is irrelevant since the officers "need not avail themselves of the least intrusive means of responding to an exigent situation; they need only act within that range of conduct we identify as reasonable." Id. at 4–6 (quoting Scott v. Henrich, 39 F.3d 912, 915 (9th Cir. 1994)). Defendants further assert that any probative value of least intrusive means evidence is outweighed by the danger of jury confusion and prejudice to defendants. Id. at 7–8 (citing Fed. R. Evid. 403).

Plaintiffs respond that the Ninth Circuit's recent decision in Smith v. City of Hemet, 394 F.3d 689, 703 (9th Cir. 2005) (en banc) makes clear that in excessive force cases, expert witnesses may testify that the defendant officers should have used a lesser degree of force. Opp'n at 2–3. Plaintiffs further argue that defendants' motion is vague because it does not specify particular evidence that should be excluded. Id. at 4–5.

The Court agrees with plaintiffs. Plaintiffs' expert is entitled to opine as to whether the officers could have used a lesser degree of force. See City of Hemet, 394 F.3d at 703 ("As we have previously explained, an additional factor that we may consider

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|----------|------------------------|------|---------------|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

in our <u>Graham</u> analysis is the availability of alternative methods of capturing or subduing a suspect."). Accordingly, the Court DENIES defendants' motion *in limine* number 15.

### P.    Evidence of the Net Worth of Defendants, Source of Payments, and Course of Settlement Negotiations

Defendants seek to preclude any testimony regarding (1) the net worth of defendants until the jury determines, if they do, that punitive damages should be awarded, (2) the source of payment of any award of compensatory damages, and (3) the course of settlement negotiations between the parties. Mot. at 2. Plaintiffs do not oppose limiting evidence of defendants' net worth until the punitive damages phase of trial. Opp'n at 1. However, plaintiffs argue that if the jury determines that punitive damages are appropriate, the jury should also be advised that the officers will not be required to pay compensatory damages due to the City's indemnification of the defendant officers. <u>Id.</u> at 1–2.

Evidence of the net worth of defendants, source of payments, and course of settlement negotiations is inadmissible during the liability and compensatory damages phase of trial. If the jury finds malice, evidence of the officers' net worth and source of payment may be considered in awarding punitive damages. If the City is obligated to indemnify the defendant officers for a punitive damages award, the fact-finder may consider evidence that the City is financially responsible to rebut any claim that the defendant officers lack financial resources for an award of punitive damages.[4] <u>See</u> <u>Mathie v. Fries</u>, 121 F.3d 808, 816 (2d Cir. 1997) ("a fact-finder can properly consider the existence of [an indemnity] agreement as obviating the need to determine whether a defendant's limited financial resources justifies some *reduction* in the amount [of punitive damages] that would otherwise be awarded.") (emphasis in original). Accordingly, the Court GRANTS in part and DENIES in part defendants' motion *in limine* number 16.

---

[4] At oral argument, defendants' counsel indicated that, at this time, the City has not agreed to indemnify the defendant officers for punitive damages.

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

## III.  PLAINTIFFS' MOTIONS IN LIMINE

### A.    Character Evidence

Plaintiffs move for the exclusion of their prior convictions, information contained on Engman's MySpace page, and evidence of tattoos. Mot. at 2–3. Both plaintiffs have convictions for driving while intoxicated, in violation of California Vehicle Code § 23152. Id. at 2. In addition, Engman "was involved in a bar fight wherein [he] was slugged but did not return any strike." Id. No charges were filed as a result of the incident. Additionally, Engman was convicted for possessing marijuana when he was 17 or 18 years old. Id. Finally, Engman has had failure to appears for various traffic tickets. Id.

Defendants argue that evidence of plaintiffs' prior convictions and Engman's bar fight is admissible under Rule 404(b) of the Federal Rules of Evidence. Opp'n at 2–6. Evidence of crimes, wrongs, or prior bad acts is inadmissible "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, evidence of prior bad acts is admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Here, defendants have failed to show that there is any purpose for introducing evidence of plaintiffs' prior convictions and Engman's bar fight other than to show plaintiffs' character.[5] See Davis v. Mason County, 927 F.2d 1473, 1484 (9th Cir. 1991) (in section 1983 excessive force case, evidence offered by defendant, in order to show plaintiff's proclivity for violence, that plaintiff was involved in drunken altercation five days before the incident in question inadmissible under Rule 404(b)). The Court further concludes that even if the evidence of plaintiffs' prior convictions and bad acts were admissible for a non-character purpose, the probative value of such evidence is substantially outweighed by the unfair prejudice to plaintiffs. See Fed. R. Evid. 403.

---

[5] Furthermore, it does not appear that there is a basis to impeach plaintiffs with their convictions under Rule 609 of the Federal Rules of Evidence. None of the convictions involved "an act of dishonesty or false statement," Fed. R. Evid. 609(a)(2), and defendants have failed to establish that any of the crimes were "punishable by death or imprisonment in excess of one year," Fed. R. Evid. 609(a)(1).

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|----------|------------------------|------|----------------|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

The Court finds that the statements contained on Engman's MySpace page regarding "regime change" and drinking-related activities are irrelevant. Fed. R. Evid. 402. Similarly, the fact that Engman has a skull and crossbones tattoo on his neck is irrelevant. Fed. R. Evid. 402. Accordingly, the Court GRANTS plaintiffs' motion *in limine* number 1.

### B.     Engman's Mugshot

Plaintiffs seek to exclude evidence of Engman's mug shot taken on the night in question. Mot. at 2. Plaintiffs argue that there is no evidence regarding the circumstances under which the mug shot was taken, and it is irrelevant and highly prejudical. Id. Defendants respond that plaintiff himself can authenticate the mug shot at trial, and that the picture is relevant because it shows plaintiff's physical condition after the incident. Opp'n at 2  Thus, defendants maintain that the mug shot is relevant to the issues of whether the officers used excessive force and Engman's damages.

The Court finds that whatever minimal relevance Engman's mug shot has on the issues of excessive force and damages is substantially outweighed by the undue prejudice to Engman. Fed. R. Evid. 403. Accordingly, the Court GRANTS plaintiffs' motion *in limine* number 2.

### C.     Engman's Past "Painful" Activities

Plaintiffs move to exclude evidence that Engman has engaged in prior "painful" activities, including getting tattoos, submitting to a taser demonstration, and being punched in the nose. Mot. at 2. Plaintiffs argue that this evidence is irrelevant and should not be a way for defendants to enter impermissible character evidence through the back-door. Id. Defendants argue that the fact Engman has received tattoos and subjected himself to a taser demonstration is relevant because it shows that he can tolerate pain. Opp'n at 2–3. Defendants further contend that the fact Engman voluntarily subjected himself to a taser demonstration after the events in question is relevant to the issue of his damages. Id. at 2, 3–4.

The Court finds that to the extent that plaintiffs' daily activities, including giving and receiving tattoos, demonstrate that their claimed damages are exaggerated, such daily

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|----------|------------------------|------|---------------|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

activities are relevant. Fed. R. Evid. 401. Plaintiffs fail to show that any risk of prejudice to them substantially outweighs the probative value of this evidence. Fed. R. Evid. 403. Furthermore, the Court finds that the fact Engman voluntarily subjected himself to a taser demonstration during his criminal proceedings is relevant to his claimed damages. Id. The Court finds that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to Engman or the risks of confusing the issues or misleading the jury. Fed. R. Evid. 403. Although the Court recognizes the distinction between voluntarily subjecting oneself to such a demonstration and the involuntarily nature of the events in question, plaintiffs are free to argue this point at trial. Accordingly, the Court DENIES plaintiffs' motion *in limine* number 3.

## D. Evidence of Officers' Training

Plaintiffs seek to exclude evidence of the defendant officers' training. Mot. at 1. Plaintiffs argue that the fact the officers were adequately trained is irrelevant to the propriety of their conduct. Id. at 3. Defendants respond that evidence of the officers' training is relevant as foundation for their testimony. Opp'n at 3–4.

The Court will allow defendants to lay limited foundation regarding the officers' training. Accordingly, the Court DENIES plaintiffs' motion *in limine* number 4 without prejudice to being renewed at trial.

## E. Evidence of Officers' Subjective Opinions

Plaintiffs move to preclude the officers from testifying as to what they thought Engman might do, whether he was dangerous, or whether he might have had a weapon. Mot. at 3. Plaintiffs argue that the Fourth Amendment requires that the officers' conduct be objectively reasonable in light of the facts they knew, and that the officers' subjective beliefs are irrelevant. Id. at 3–4. Defendants respond that while an officers' subjective motivation is irrelevant, Whren v. United States, 517 U.S. 806, 813 (1996), what they believed a suspect might do is highly relevant in a use of force case. Opp'n at 2.

Although it is true that the officers' conduct is measured under the Fourth Amendment's "objective reasonableness" standard, see Graham v. Connor, 490 U.S. 386, 388 (1989), that does not confine the officers' testimony at trial to only those "definite

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

observation[s] of what was really present that night. . . ."  See Mot. at 3.  The Court concludes, however, that it will be better situated to rule on evidentiary objections regarding the officers' testimony as they arise in their factual context during trial. Accordingly, the Court DENIES plaintiffs' motion *in limine* number 5 without prejudice to being renewed at trial.

### F.    Evidence of Taser Demonstration

Plaintiffs seek to exclude a videotape that defendants intend to use as a "testimonial aid" by their expert, Donald M. Dawes.  Mot. at 2; Opp'n at 1–2.  The videotape depicts a demonstration of a person laying supine in a clinical setting being tasered in drive stun mode from an X26 model taser.  Mot. at 2; Opp'n at 2.  The videotape shows the subject having use of his extremities, and defendants' expert appears to offer the demonstration for the purpose of drawing the conclusion that a subject tasered in drive stun mode should have control of his extremities and be able to place their hands behind their back.  Opp'n at 2.  Plaintiffs argue that this evidence should be excluded because virtually nothing is known about the circumstances of the test and whether they are similar to the circumstances in which Engman was tasered.  Mot. at 2–3.

Defendants respond that the videotape is merely an illustration of Dawes' testimony, and can be shown to the jury without being introduced into evidence.  Opp'n at 3 (citing United States v. Cox, 633 F.2d 871, 874 (9th Cir. 1980)).  Defendants further argue that the circumstances of the demonstration and Engman's circumstances do not have to be substantially similar because the videotape is used to illustrate a principle that forms the basis for Dawes' expert opinion.  Id. (citing Pandit v. Am. Honda Motor Co., 82 F.3d 376, 379 (10th Cir. 1996)).

Some courts have recognized the utility of admitting videotape demonstrations for the purpose of aiding the jury in understanding complex expert testimony.  See, e.g., Slakan v. Porter, 737 F.2d 368, 374 (4th Cir. 1984) (in section 1983 case, district court did not err in allowing plaintiff to present, in conjunction with expert testimony, videotape depicting the force unleashed by a hose squirting 55 pounds of pressure, where the water pressure and hose nozzle used against plaintiff were the same as those depicted in the videotape); Harvey v. Gen. Motors Corp., 873 F.2d 1343, 1355 (10th Cir. 1989) (videotape showing scientific study relating to general principles of occupant motion in

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|----------|------------------------|------|---------------|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

rollover accidents admissible in products liability action against automobile manufacturer to assist jury in understanding of expert's testimony).  However, given how dissimilar the circumstances of the demonstration are to the circumstances of the event in question, the Court finds that whatever limited probative value the videotape has in illustrating Dawes' testimony is substantially outweighed by the risk of confusing the jury and prejudice to plaintiffs. Fed. R. Evid. 403.  Accordingly, the Court GRANTS plaintiffs' motion *in limine* number 6.

### G. Cumulative Expert Testimony

Defendants have designated two separate police procedures experts in this case: Joe Callanan and Robert J. Fonzi.  Plaintiffs argue that because defendants' experts duplicate each other's conclusions, allowing both to testify would be cumulative.  Mot. at 3.  Plaintiffs further attack certain conclusions drawn by defendants' experts.  Id. at 4–5.  Defendants argue that Callanan should not be allowed to testify that plaintiffs "were involved in disruptive and disturbing conduct that was likely related to their consumption of alcohol and their frustration over not being admitted to a ticketed entertainment venue." Id. at 4 (quoting Callanan Report at 10).  Similarly, defendants contend that Fonzi should not be permitted to render the following opinions:

> it was reasonable to ask Engman and his group to leave the property.  It was obvious that Engman was afforded several opportunities to leave; however, he chose to be uncooperative and continued to be disruptive.  It is important to note that the behavior and demeanor of Engman is supported and corroborated with the initial incident that took place at Sega Game Works. ****
>
> the force used by the officers was reasonable based on the level of resistance and the non-compliant behavior offered by Engman.  It was apparent that Engman posed a significant risk because of his size, intoxication and his refusal to comply.  The mere fact that Engman was uncooperative and belligerent was one factor for consideration.  However, the circumstances escalated into a high threat assessment when Engman directed threats of violence towards the officers.  This fact alone signifies the inherent danger to public safety because of Engman's escalating behavior.

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|----------|------------------------|------|---------------|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

Fonzi Report at 5, 6. Defendants assert that these opinions essentially tell jurors how to resolve disputed facts. Mot. at 4.

Plaintiffs respond that the two experts' testimony is not cumulative because Callanan's opinions encompass a wider variety of topics than Fonzi's. Opp'n at 2–3. Plaintiffs further argue that experts may properly testify as to the facts they rely upon in forming their opinions. Id. at 3–4.

Given the significant overlap in the testimony of Callanan and Fonzi, it appears that allowing both to testify at trial would be cumulative. Fed. R. Evid. 403. At oral argument, defendants' counsel represented that they would decide whether it is necessary for both Callanan and Fonzi to testify at trial, and notify plaintiffs and the Court no later than June 27, 2011. Accordingly, the Court reserves final judgment as to whether allowing both experts to testify at trial would be cumulative. With respect to plaintiffs' argument that defendants' experts improperly resolve credibility disputes, the Court finds that this issue is properly addressed by requiring expert testimony to be explored through hypothetical questioning. Accordingly, the Court DENIES plaintiffs' motion *in limine* number 7 as moot.

## IV. CONCLUSION

In accordance with the foregoing, the Court concludes as follows:

- Defendants' motion *in limine* number 1 is DENIED without prejudice to its being renewed at such time as plaintiffs seek to introduce evidence of similar prior civil litigation.

- Defendants' motion *in limine* number 2 is DENIED without prejudice to its being renewed at such time as plaintiffs seek to introduce evidence of similar prior or subsequent incidents involving the officers.

- Defendants motion *in limine* number 3 is GRANTED in part and DENIED in part.

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|----------|------------------------|------|---------------|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

- Defendants' motion *in limine* number 4 is DENIED without prejudice to its being renewed at such time as plaintiffs seek to introduce evidence of a particular objectionable statement.

- Defendants' motion *in limine* number 5 is DENIED without prejudice to its being renewed at such time as plaintiffs seek to introduce specific evidence from the officers' personnel files.

- Defendants' motion *in limine* number 6 is GRANTED.

- Defendants' motion *in limine* number 7 is GRANTED in part and DENIED in part.

- Defendants' motion *in limine* number 8 is GRANTED.

- Defendants' motion *in limine* number 9 is DENIED.

- Defendants' motion *in limine* number 10 is DENIED.

- Defendants' motion *in limine* number 11 is GRANTED in part and DENIED in part.

- Defendants' motion *in limine* number 12 is GRANTED in part and DENIED in part.

- Because the Court withholds final judgment, defendants' motion *in limine* number 13 is DENIED as moot.

- Defendants' motion *in limine* number 14 is DENIED.

- Defendants' motion *in limine* number 15 is DENIED.

- Defendants' motion *in limine* number 16 is GRANTED in part and DENIED in part.

- Plaintiffs' motion *in limine* number 1 is GRANTED.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 10-284 CAS (PLAx) | Date | June 20, 2011 |
|---|---|---|---|
| Title | GEORGE ENGMAN & ANDREA BRAXTER v. CITY OF ONTARIO; ET AL. | | |

- Plaintiffs' motion *in limine* number 2 is GRANTED.

- Plaintiffs' motion *in limine* number 3 is DENIED.

- Plaintiffs' motion *in limine* number 4 is DENIED without prejudice to being renewed at trial.

- Plaintiffs' motion *in limine* number 5 is DENIED without prejudice to being renewed at trial.

- Plaintiffs' motion *in limine* number 6 is GRANTED.

- Because the Court withholds final judgment, plaintiffs' motion *in limine* number 7 is DENIED as moot.

  IT IS SO ORDERED.

|  | 00 | : | 40 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |